# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint of ) | No. 80392-1-I |
| ) | |
| BRYAN DORSEY, ) | DIVISION ONE |
| a/k/a BRIAN DORSEY, ) | |
| ) | UNPUBLISHED OPINION |
| Petitioner. ) | |

PER CURIAM. In 2011, Brian Dorsey was convicted by a jury of first degree robbery. The conviction was Dorsey's third strike and the trial court imposed a sentence of life in prison without the possibility of release under the Persistent Offender Accountability Act (POAA), RCW 9.94A.030(38)(a) and RCW 9.94A.570. One of Dorsey's strike offenses was a 1997 Arkansas conviction for aggravated robbery, deemed comparable to a Washington conviction for second degree robbery.

In 2019, Dorsey filed a motion to modify the judgment and sentence in the superior court. He contended that 2019 amendments to the POAA removed second degree robbery from the list of strike offenses, rendering his POAA sentence facially invalid. The motion was transferred to this court for consideration as a personal restraint petition. CrR 7.8(c)(2).

To successfully challenge a judgment and sentence by means of a personal restraint petition, a petitioner must establish either (1) actual and substantial prejudice arising from constitutional error, or (2) nonconstitutional error that inherently results in a "complete miscarriage of justice." In re Pers.

Restraint of Cook, 114 Wn.2d 802, 813, 792 P.2d 506 (1990).  But this court in State v. Molia, 12 Wn. App. 2d 895, 904, 460 P.2d 1086 (2020) held that the 2019 amendments do not apply retroactively to offenses committed prior to their effective date.  Thus, Dorsey cannot show that the amendments would entitle him to resentencing.  He fails to establish error entitling him to relief and his petition must be dismissed.

Appelwick, J.

Leach, J.

Verellen, J.